# IN THE COURT OF APPEALS OF IOWA

No. 15-0416
Filed December 9, 2015

**Upon the Petition of**
**TODD CHARLES JOHNSON,**
    Petitioner-Appellee,

**And Concerning**
**KAREY ANN BOHR,**
**n/k/a KAREY ANN GREINER,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Mitchell E. Turner, Judge.

Respondent appeals the district court ruling finding petitioner was not in contempt for failing to provide visitation with the parties' child. **AFFIRMED.**

Mark D. Fisher of Nidey, Erdahl, Tindal & Fisher, Cedar Rapids, for appellant.

Melody J. Butz of Butz Law Offices, P.C., Cedar Rapids, for appellee.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Respondent Karey Greiner, formerly known as Karey Bohr, appeals the district court ruling finding petitioner Todd Johnson was not in contempt for failure to provide visitation with the parties' child. We affirm the district court's decision finding Todd did not intentionally violate a court order with an evil motive or in reckless disregard of Karey's rights.

Todd and Karey are the parents of a child. On May 27, 2008, the district court entered a paternity decree incorporating the parties' stipulation for joint legal custody of the child, with the child placed in Todd's physical care. They agreed Karey would have reasonable visitation and pay child support. The decree was modified on June 10, 2014, to adjust the visitation schedule and increase Karey's child support obligation.

The child has been diagnosed with mental health issues. In November 2014, the child's therapist, Sandra Griffith, recommended that the child's visitation with the mother be supervised based on the child's statements and recent self-harming behavior. Griffith recommended Karey and the child attend family therapy sessions. Todd sent a copy of Griffith's recommendations to Karey. Karey did not accept the recommendations and did not schedule an appointment for family counseling with the child.

On December 8, 2014, Karey filed an application for rule to show cause alleging Todd was in contempt because he had not permitted her to have visitation with the child on four occasions. In a well-reasoned and well-written opinion, the district court noted that rather than file this contempt action, there

was an "easy fix" for Karey—"do the family counseling as requested by [the child] and recommended by the mental health professionals." The court found:

> Having considered the entirety of the evidence produced at the time of hearing, the Court finds that Karey has utterly failed to establish beyond a reasonable doubt that Todd is in contempt of court for intentionally violating a known Court Order with an evil motive, or in reckless disregard of Karey's rights.

"A party alleging contempt has the burden to prove the contemner had a duty to obey a court order and willfully failed to perform that duty." *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). Contempt has been defined as "willful disobedience." *Id.* A finding of "willful disobedience" "requires evidence of conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not." *State v. Lipcamon*, 483 N.W.2d 605, 607 (Iowa 1992). A finding of contempt must be established by proof beyond a reasonable doubt. *In re Marriage of Stephens*, 810 N.W.2d 523, 529 (Iowa 2012).

We conclude the district court did not abuse its discretion in refusing to find Todd was in contempt. *See In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995). The child has serious mental health problems and was engaging in self-harming behavior. Todd followed the recommendation of health care professionals that Karey's visitation should be supervised for a period of time while Karey and the child attended family therapy sessions to improve their relationship. We approve the reasons and conclusions in the district court's

decision and further discussion would not augment or clarify existing case law. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**